Sidney O. HOOPER
600 W. Fern, No. 22
McAllen, Texas 78501
Phone: 956-926-9003
Fax: 815-301-8693
SidTexVal@Yahoo.Com

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| SIDNEY O. HOOPER<br>PLAINTIFF,<br><br>VS.<br><br>RECONTRUST CO., N.A., SUBSTITUTE TRUSTEE<br>DEFENDANT | Case # _____<br><br><br>COMPLAINT |

Comes now Sidney O. HOOPER hereinafter referred to as "Plaintiff," and moves the court for relief as herein requested:

## I.   PARTIES

Plaintiff in the instant cause is Sidney O. HOOPER, hereinafter referred to as "Plaintiff." Plaintiff can be contacted at 600 W. Fern, No. 22, McAllen, Texas 78501, and may be reached by phone at 956-926-9003, by fax at 815-301-8693, or by email at SidTexVal@Yahoo.Com.

Defendant is, ReconTrust Co., N.A., Substitute Trustee, and can be contacted at 2380 Performance Dr., Richardson, Texas 75082.

## II.   JURISDICTION AND VENUE

This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and § 1332 placing the District Court in the position of Jurisdiction over:

    A. claims of Federal Questions concerning Fair Debt Collection Practices Act, hereinafter referred to as " 15 U.S.C. 1692;" questions and claims of violation of Constitutionally protected Fundamental Rights;

    B. violations of Plaintiff's common-law Rights in matters involving Federal Corporations and Interstate Commerce in the form of lending and Banking;

violations of Plaintiff's Rights codified pursuant to Interstate Law/Compact entitled the Uniform Commercial Code ("UCC" hereafter).

The amount in controversy exceeds $ 75,000.00.

This court also has supplemental jurisdiction over all other claims that are so related to claims in this action that they form part of the same case or controversy under Article III of the United States Constitution, pursuant to 28 U.S.C. § 1367.

Venue is properly laid in the Federal Court of the United States in the Judicial District ,pursuant to 28 U.S.C. § 1391(c).

Plaintiff avers that the court has in personam jurisdiction over the named Defendant(s)as Defendant(s) are subject to the Jurisdiction of this Federal Court by the following facts:

    A. Defendant has entered into interstate commerce by causing to be transmitted through the United States Mail, - Title 18 § 1241;

    B. Defendant is subject to the FDCPA - Title 15 § 1692 et. seq. by acting as a Debt Collector, in that Defendant is not the originator of the alleged debt, neither is Defendant a bona fide agent of the originator or subsequent true holder of the alleged debt.

### III.  STATEMENT OF FACTS

On the 19th day of November 2012 Defendant sent to Plaintiff a demand for payment of an alleged debt obligation. Said document contained the following heading:

RECONTRUST COMPANY, N.A. 2380 Performance Dr. Richardson, Tx. 75082

Said document demanded payment of United States dollars in the amount of $89,341.15.

Subsequently, Defendant, on the 1st day of January 2013, caused the forced sale of property belonging to Plaintiff. Defendant claimed to be an agent of the bona fide holder of a certain promise to pay a debt securitized by a certain deed of trust filed with the county registrar of deeds. Said document was filed with the recorder on the 10th day of March 2005 and was titled as follows:

———————————— [Space Above This Line For Recording Data] ————————————

**DEED OF TRUST**   MIN: 100053030007154546

NOTICE OF CONFIDENTIALITY RIGHTS: IF YOU ARE A NATURAL PERSON, YOU MAY REMOVE OR STRIKE ANY OF THE FOLLOWING INFORMATION FROM THIS INSTRUMENT BEFORE IT IS FILED FOR RECORD IN THE PUBLIC RECORDS: YOUR SOCIAL SECURITY NUMBER OR YOUR DRIVER'S LICENSE NUMBER.

VA Case No. 62-62-6-1051015

Said document is defined as a "Deed of Trust" and is dated as follows:

(A) "Security Instrument" means this document, which is dated March 4, 2005, together with all Riders to this document.

The borrower is defined as follows: 1

(B) "Borrower" is SIDNEY O'BRIEN HOOPER AND WIFE, MADGE E. HOOPER . Borrower is the grantor under this Security Instrument.

The trustee, beneficiary, and lender are defined as follows:

(C) "Lender" is AEGIS WHOLESALE CORPORATION. Lender is A CORPORATION organized and existing under the laws of the State of DELAWARE. Lender's address is 3250 BRIARPARK DRIVE, SUITE 400, HOUSTON, TEXAS 77042. Lender includes any holder of the Note who is entitled to receive payments under the Note.

The note upon which this Deed of Trust is based is defined by definition "(F)" as follows:

> (F) "Note" means the promissory note signed by Borrower and dated March 4, 2005. The Note states that Borrower owes Lender EIGHTY-SEVEN THOUSAND and NO/100-----Dollars (U.S. $ 87,000.00) plus interest. Borrower has promised to pay this debt in regular Periodic Payments and to pay the debt in full not later than April 1, 2035.

## IV. STATEMENT OF CLAIM

Plaintiff is prepared to take action against the above named lender or any entity shown to have actual standing as a bona fide holder of the above referenced promise to pay, however, Plaintiff does not know who that entity might be. There is certainly no valid evidence in the county record of agency of Defendant by the filing of a proper power of attorney from the above referenced lender.

If Defendant claims authority to prosecute the above referenced promise to pay, Plaintiff demands strict proof of said authority as contemplated by the Legislature when it passed the Fair Debt Collection Practices Act, specifically Section 15U.S.C. 1692g. An examination of the documents filed with the county registrar of deeds will show no authority on the part of Defendant to take any action affecting a claim against the title of property properly held by Plaintiff.

Without stipulating to anything concerning an alleged claim against said property, Plaintiff puts Defendant to his proof of agency to represent a principal with standing as evidenced in the court record to assert a claim and capacity to prosecute said claim by way of compliance with all the provisions of the above referenced security instrument and compliance with all relevant law as required by said security instrument.

Plaintiff is prepared to file an extensive suit against the true alleged holder of an alleged claim against the above referenced property based on the documents currently residing in the public record, however, it would be unconscionable to take said action against an innocent or uninterested party. Plaintiff has prosecuted this action in order to ascertain who the real party in interest in the above matter.

In as much as the above referenced forced sale of Plaintiff's property was instigated by Defendant under the claim of inability on the part of Defendant to collect on an alleged debt, under the provisions of the Fair Debt Collection Practices Act at 15 U.S.C. 1692g, Plaintiff sues to determine the true party in interest concerning the above alleged debt.

## V. NO ISSUE OF AGENCY STANDING AND CAPACITY BEFORE THE COURT

Plaintiff has sued Defendant to demand that Defendant comply with long standing law and well established principals of commerce. In as much as Defendant demanded that Plaintiff tender United States money to Defendant in payment of a debt, Plaintiff properly demands that validation of the debt. Where Defendant has claimed agency for a principal, Plaintiff demands that Defendant prove that Defendant's alleged principal has standing as a proper holder of the alleged obligation. Plaintiff further demands proof of Defendant's agency to represent said principal.

## *AGENCY*

Key to the whole issue here is that agency cannot be presumed, and the party asserting agency carries the burden to prove it. See Schultz v. Rural/Metro Corp., 956 S.W.2d 757, 760 (TX App. – Houston [14th Dist.] 1997, no writ); Zuniga v. Navarro & Assocs., P.C., 153 S.W.3d 663 (TX App. – Corpus Christi 2005, pet. denied) (citing Bernsen v. Live Oak Ins. Agency, 52 S.W.3d 306, 309 (TX App. – Corpus Christi 2001, no pet.)); Alamo Cmty. Coll. Dist. v. Browning Constr. Co., 113 S.W.3d 146 (TX App. – San Antonio 2004, pet. dism'd) (citing S. County Mut. Ins. Co. v. First Bank & Trust, 750 S.W.2d 170, 172 (TX 1988)); Disney Enters., Inc. v. Esprit Fin., Inc., 981 S.W.2d 25, 30 (TX App. – San Antonio 1998, pet dism'd w.o.j.); Gray v. Black, 267 S.W. 291 (TX Civ. App. 1924) (agency is not presumed; wife cannot be presumed to be husband's agent). "[O]nly an alleged principal's words or conduct that are represented to the third party can clothe an alleged agent with apparent authority. [BML Stage Lighting, Inc., v. Mayflower Transit, Inc., 14 S.W.3d 395, 401 (TX App. – Houston [14th Dist.] 2000, pet. denied)]." Coleman v. Klockner & Co. AG, 180 S.W.3d 577, 588 (TX App. – Houston [14th Dist.] 2005, n.w.h.) (Coleman). In short, the alleged agent's word, alone, never proves agency.

Therefore, where agency has been challenged, as it is, here, and where it's presumed into existence over that objection, the burden of proof has been shifted. Beard v. Banks, 542 U.S. 406 (2004) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986)); Scott v. Harris, __ U.S. __, 127 S. Ct. 1769 (2007) (citing United States v. Diebold, 369 U.S. 654, 655 (1962)) (summary judgment presumptions are against movant). Mullaney v. Wilbur, 421 U.S. 684 (1975) (citing In re Winship, 397 U.S. 358 (1970)) (to relieve the plaintiff of burden is to violate Due Process); Heiner v. Donnan, 285 U.S. 312 (1932) (fraud and/or negligence context).

## *CHALLENGE IS TO BOTH ACTUAL AND APPARENT AUTHORITY.*

Where there is no evidence, that a principal authorized someone to act as its agent, agency cannot be proven by declarations of the alleged agent." T & R Custom, Inc. v. Liberty Mut. Ins. Co., 227 Ga. App. 144, 145 (1) (488 S.E.2d 705) (1997). Accord Oglesby v. Farmers Mut. Exchange, 128 Ga. App. 387, 389 (6) (196 S.E.2d 674) (1973); Greble v. Morgan, 69 Ga. App. 641 (1) (26 S.E.2d 494) (1943). (1) Because there is no evidence in the record of Hilliard's agency, other than the hearsay itself, the evidence was properly excluded. See, e.g., Process Posters, Inc. v. Winn Dixie Stores, 263 Ga. App. 246, 250-251 (1) (587 S.E.2d 211) (2003).

It is fundamental that agency cannot be proven by the [*239] declaration of the agent. LAVELLEUR v. NUGENT, 186 Iowa 234 (Iowa 1919)

Arizona law provides that agency cannot be proven by the acts or declarations of the purported agent. Cameron v. Lanier, 56 Ariz. 400, 108 P.2d 579, 580 (Ariz. 1940). Instead, Relator "must prove affirmatively

the authority" of Mr. Anderson to accept service on behalf of Dr. Levit, by either showing direct authority or implied authority. Id.<u>United States ex rel. Goulooze v. Levit, 2006 U.S. Dist. LEXIS 77913 (D. Ariz. 2006)</u>

Looking first to the concept of apparent authority, it is axiomatic that such authority exists only where there is a manifestation by the principal to a third party which causes the third party reasonably to believe that the particular person with whom the third party is dealing has the authority to enter into negotiations or to make representations on behalf of the principal. The State Life Insurance Co. v. Thiel (1939), 107 Ind. App. 75, 20 N.E.2d 693; Kody Engineering Company, Inc. et al. v. Fox and Fox Insurance Agency, Inc. (1973), 158 Ind. App. 498, 303 N.E.2d 307, 39 Ind. Dec. 537. Such a manifestation by the principal may be found when the principal holds out an agent as a general [***5] agent and the third party reasonably believes that the authority exhibited is the type usually held by one in such a position; n2 or, where the [**843] principal clothes or allows a special agent to act with the appearance of possessing more authority than is actually conferred. See: Farm Bureau Mutual Life Insurance Company v. Coffin (1962), 136 Ind. App. 12, 186 N.E.2d 180. Thus, to prove [*139] the existence of apparent authority, it is necessary to establish some conduct on the part of the principal which created the appearance of authority. The representations of the agent will not suffice, for it is the "well established rule that agency cannot be proven by the declarations of the agent, alone." Pan American World Airways, Inc. v. Local Readers Service, Inc. (1968), 143 Ind. App. 370, 377, 240 N.E.2d 552, 556, 15 Ind. Dec. 429, 435.<u>Storm v. Marsischke, 159 Ind. App. 136 (Ind. Ct. App. 1973)</u>

It is elementary law that agency cannot be proven by the acts or declarations of the alleged agent. Newman v. Taylor, 69 Miss. 670, 13 So. 831; R. R. Co. v. Cocke, 64 Miss. 713, 2 So. 495; Kinnare v. Gregory, 55 Miss. 612; Gilchrist v. Pearson, 70 Miss. 351, 12 So. 333. "An agent's authority cannot be proved by his acts done without the knowledge or authority of his principal." Whiting v. Lake, 91 Pa. 349. <u>Therrell v. Ellis, 83 Miss. 494 (Miss. 1903)</u>

In view of a new trial, it is proper to say that the letter, "Exhibit E," on page 8 of the abstract, [***5] is [*695] not competent evidence in the case for any purpose. It tends to show the claimed agency by the declaration of the agent, and we need not cite authority in support of the proposition that agency cannot be established by the admissions or declarations of the person claimed to be an agent. <u>Sax v. Davis, 81 Iowa 692 (Iowa 1891)</u>

## CHALLENGE TO STANDING OF ALLEGED PRINCIPAL

Plaintiff has reason to believe, based on the widely publicized practices of banks in the United States that no instrument exists wherein Plaintiff can be shown to have an obligation to Defendant and/or even if such an instrument were to exist, because of the recent practices of banks in the United States, Plaintiff cannot be sure, absent proof, that Defendant has authority to collect said debt.

Current practices concerning consumer mortgages wherein the promise to pay (note) is immediately sold into an investment pool then the pool is divided up among a host of investors then pieces are sold back and forth between parties leaves the true holder of the note in question. With the current, highly publicized practices of registering the note with Mortgage Electronic Registration Service (MERS) for the purpose of hiding the true holder of the note behind MERS as a so-called "nominee" has been discredited by the courts. (see Landmark v Kessler and others) The courts have held the practice of using a straw man holder of the note to hide the multiple sales of the note on the secondary consumer mortgage market as a scam to avoid the requirement that the sale of a security instrument based on a consumer mortgage transaction be a public transaction.

Plaintiffs challenge Defendant's authority, both as to actual authority and as to apparent authority. Actual authority arises where the principal authorizes the agent. See Cameron County Sav. Ass'n v. Stewart Title Guaranty Co., 819 S.W.2d 600, 603 (TX App. – Corpus Christi 1991, writ denied). Plaintiff demands that Defendant establish the entire chain of agency, from inception of the note up to the current alleged holder. Without said proof, no one has signature authority. Apparent authority doesn't exist, either.

Defendant now has the burden to prove agency. See Schulz, etc., supra. Again, where that burden is presumed and not compelled proved, the burden, by this request, has been shifted. Cf. Coleman.

Plaintiff, on investigation and belief, alleges that Defendant violated the Fair Debt Collections Protections Act to the detriment of Plaintiff by using false, deceptive, and misleading representations or means in connection with the collection of an alleged debt wherein Defendant misrepresented the character, amount, and legal status of the alleged debt; (15 USC 1692(e)(2)) & (f), and by threatening to take action against Plaintiff that could not legally be taken. (15 USC 1692(e)(5)). By causing to be sent to Plaintiff, through the United States mail, fraud and/or negligence lent demands for payment for which Defendant had no authority to make. Plaintiff alleges and avers that Defendant caused to be sent through the United States Mail Service, fraud and/or negligence demands for payment from Plaintiff in order to facilitate the herein alleged fraud and/or negligence. Plaintiff alleges and avers that Defendant subjected Plaintiff to a fraud and/or negligence scheme to collect monies not owed to Defendant and that Defendant intended to collect the full amount on an alleged debt, which over the term of the alleged debt would amount to (full amount of principal and interest over term of alleged note), $844,086.99 .

Plaintiff alleges and avers that the above alleged scheme has the result of making it impossible for a purchaser of a private residence involved in said scheme to ever achieve the primary purpose of the contract, that of achieving quiet title at completion of the contract.

Plaintiff alleges and avers that Defendant failed to exercise due diligence concerning Defendant's standing to collect the alleged debt claimed by Defendant to be owed to Defendant or Defendant's principal, by Plaintiff.

Plaintiff alleges and avers that Defendant subjected Plaintiff to severe emotional stress through direct or implied threat that Plaintiff would lose Plaintiff's primary place of residence if Plaintiff failed to pay the extortion demanded by Defendant.

## VI. PLAINTIFF DEMANDS STRICT VERIFIED PROOF

Plaintiff herein demands strict verified proof, according to the rules of evidence all of the following:

A. that Plaintiff entered into a legal and binding contract with Defendant that would establish the alleged debt;

B. that Defendant is the singular and true holder of said debt instrument; Plaintiff herein demands strict verified proof, according to the rules of evidence, of the standing of every signatory on each and every document filed into any court record concerning the property, or sent to Plaintiff or any other entity concerning the alleged obligation Defendant has attempted to collect from Plaintiff.

In the event that Defendant were to prove that a debt claim exists against the property, and that Defendant is the holder or agent for the holder of said debt, Plaintiff demands strict verified proof that Defendant's claim against the debt is the singular and exclusive claim based on the purported contract, the basis of which Defendant is attempting to collect a debt.

Plaintiff herein demands strict verified proof, according to the rules of evidence that:

Plaintiff entered into a contract with Defendant, or Defendant's principal for whom Defendant claims to act as agent, granting Defendant a legal claim against the property as protection against loss in the event Plaintiff failed to meet the obligations of the above alleged debt.

Defendant is the true and exclusive holder, or is the proper agent for said holder, of said legal claim against the property.

The alleged document purporting to create a lien against the property was granted by Plaintiff to Defendant or to Defendant's principal for whom Defendant claims to be acting as agent.

In the event Defendant claims to have received assignment of the alleged debt instrument, Plaintiff herein demands strict verified proof, according to the rules of evidence that Defendant, or Defendant's principal, is the exclusive holder of said instrument.

In the event Defendant is able to produce a bona fide lien document, Plaintiff herein demands strict verified proof that Plaintiff granted such claim to Defendant by name, Defendant is, and at all times has been the holder of the alleged note purporting to evidence a debt.

Plaintiff herein demands strict verified proof, according to the rules of evidence that Defendant, at no time, received consideration in return for a transfer of the above referenced note, the basis of which the above referenced lien document was allegedly written as protection against loss to the holder, to a third party for consideration tendered.

In the event Defendant claims to be the holder of a lien document that was not granted directly to Defendant in Defendant's name, or in the name of the principal for which Defendant claims to act as agent, Plaintiff herein demands strict verified proof, according to the rules of evidence, of a complete chain of legal possession of said lien document.

In the event Defendant is able to produce a complete chain of legal possession of the above referenced document purporting to create a lien against the property, Plaintiff herein demands strict verified proof, according to the rules of evidence that, at all times, the ownership of the alleged lien document and the alleged note were transferred together such that, at no time, one entity held the alleged lien and another held the alleged note.

In the event that Defendant were to prove that a debt claim exists against the property, Plaintiff demands strict verified proof that Defendant's claim against the debt is the singular and exclusive claim based on the purported debt claim which Defendant is attempting to collect.

## VII.   CAUSES OF ACTION

### *FDCPA – CAUSE OF ACTION*

Comes now Plaintiff, and hereby complains and alleges that the Defendant did violate the Fair Debt Collection Practices Act, 15 U.S.C. 1692e and 1692f by providing false and misleading information by mailing a dunning letter dated 19 Nov 2012 by U.S.P.S. to the Plaintiff which asked for a lump sum of money. Defendant failed to prove up the existence of a debt to which Plaintiff was liable. Defendant failed to provide evidence to show that Defendant was a bona fide holder of a debt instrument to which Plaintiff was liable. Defendant failed to show agency for a bona fide holder of a debt instrument to which Plaintiff was liable. Defendant further failed to show that said bona holder was also a bona fide holder of a document establishing a lien against real property owned by Plaintiff. Defendant further failed to itemize the various charges that comprised the total amount of the alleged debt. Defendant failed to clearly and fairly communicate information about the amount of the alleged debt to Plaintiff. This includes how the total amount due was determined if the demand for payment includes add-on expenses like attorneys' fees or collection costs, this in violation of 15 U.S.C. 1692(e). Defendant used false, deceptive and misleading representations in connection with collection of any debt, 15 U.S. C § 1692e. By demanding payment of a debt Plaintiff did not owe and by making direct, indirect, and valid threats of dire consequences to Plaintiff if Plaintiff failed to pay the alleged debt, Defendant acted in clear violation of 15 U.S.C. 1692(f), Fields v. Wilber Law Firm, USCA-02-C-0072, Circuit Court, Sept 2, 2004B.

### *NEGLIGENCE - CAUSE OF ACTION*

Defendant, caused to be sent to Plaintiff, through the United States Mail, a letter demanding that Plaintiff pay United States Money to defendant as stipulated above. Defendant by said act intended to miss-lead Plaintiff into believing that Plaintiff was under obligation to forfeit Plaintiff's personal property to

Defendant in the form of money of the United States. Defendant made the above referenced demand on Plaintiff under the guise of being a debt collector, attempting to collect a debt.

Defendant made a false representation to Plaintiff demanding payment on a debt. Defendant knew, or should have known that said demand was made without agency on the part of the alleged agent, and standing and/or capacity on the part of Defendant's alleged principal. Defendant intended that Plaintiff accept the representation of Defendant as true. Plaintiff believed Defendant. Plaintiff was subjected to stress and harm by being forced to take action to establish the agency, standing and capacity of the demand which was required by law to be revealed to Plaintiff. Plaintiff was harmed thereby.

Defendant, by falsely demanding payment from Plaintiff when Defendant lacked standing and/or capacity to make such demand was an act of criminal fraud and/or negligence which resulted in the civil tort alleged here under as the cause of action of common law fraud and/or negligence or fraud and/or negligence per se.

### VIII. STIPULATION SUBJECT TO DISCOVERY

In the interest of judicial economy and of limiting the scope of this litigation, Plaintiff is prepared to stipulate Defendant's non-suit this instant action if Defendant simply provides proof of the agency, standing, and/or capacity claimed by Defendant.

### IX. CONCLUSION

Absent proof agency on the part of the agent to represent a principal with standing as the bona fide holder of the above referenced debt obligation and capacity by a showing of compliance with all the provisions of the above referenced security instrument and compliance with all relevant law, the above referenced forced sale of Plaintiff's property was wrongfully prosecuted by Defendant and, therefore, at the sale the alleged buyer of the property purchased only what Defendant or Defendant's agent had to sell which was nothing. The above referenced sale was void and of no force and effect.

### X. JURY DEMAND

Plaintiff requests a jury trial on all issues of fact and law raised by the allegations in this Complaint.

### XI. PRAYER

WHEREFORE, Plaintiff prays for judgment against the Defendant and Defendant's co-conspirators as follows:

1. For an order declaring the foreclosure prosecuted by Defendant, void and of no force and effect;
2. For quite title as to the above referenced claims by Defendant;
3. For $2000.00 for the above referenced violation of the Fair Debt Collection Practices Act on proof at trial;
4. For pre-judgment and post-judgment interest according to proof at trial;

5. For attorney's fees and costs as provided by statute; and,

6. For such other relief as the Court deems just and proper.

Respectfully,

*/s/*

**Sidney O. HOOPER**
**600 W. Fern, No. 22**
**McAllen, Texas 78501**

# VERIFICATION

I, Sidney O. HOOPER do swear and affirm that all statements made herein are true and accurate, in all respects, to the best of my knowledge.

_____
Sidney HOOPER
600 W. Fern, No. 22
McAllen, Texas 78501


The Person above, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to this document and acknowledged to me that he/she executed the same in his authorized capacity and that by his signature on this instrument who is the person who executed this instrument.
I certify under PENALTY OF PERJURY under the laws of this State that the foregoing paragraph is true and correct.

Witness my hand and official seal.

_____                    _____
**NOTARY PUBLIC IN AND FOR**                                              **Notary Seal**
**THE STATE OF TEXAS**

ROSABEL OLIVEIRA
Notary Public, State of Texas
My Commission Expires
August 23, 2015

## CERTIFICATE OF SERVICE

I hereby, Sidney O. HOOPER certify that a true and correct copy of above and foregoing has been delivered to ReconTrust Co., N.A., Substitute Trustee, 2380 Performance Dr., Richardson, Texas 75082, on this the ___ day of _____ 2012, by certified mail (Certified Mail Receipt # 7011 0110000 20 2017401), in accordance with the rules governing same.

Sidney O. HOOPER
600 West Fern, No 22
McAllen, Texas 78501

♽JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

DEFENDANTS

(b) County of Residence of First Listed Plaintiff **HIDALGO**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant **DALLAS**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 330 Federal Employers' Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | | | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☒ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 446 Amer. w/Disabilities - Other / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |
| | ☐ 440 Other Civil Rights | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
**Fair Debt Collection Practices Act**

Brief description of cause:
Defendant made demand for payment of debt absent a showing of agency, standing, and/or capacity.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions:)
JUDGE _____ DOCKET NUMBER _____

DATE _____ SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

[ Print ]   [ Save As... ]   [ Export as FDF ]   [ Retrieve FDF File ]   [ Reset ]